IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE C. BALISTRERI-AMRHEIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-224-ALM-KPJ |
| UNIVERSAL INSURANCE COMPANY OF NORTH AMERICA, *et al.*, | § § § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Having reviewed the filings in this case, the Court recommends the case be dismissed because Plaintiff did not comply with the terms of a pre-filing injunction issued against her.

### I. BACKGROUND

On November 10, 2021, the Court stayed this matter pending a status conference set for December 14, 2021 (the "Status Conference"). *See* Dkt. 69. Prior to the Status Conference, the Court learned Plaintiff Darlene Balistreri-Amrhein ("Plaintiff") is subject to a pre-filing injunction (the "Pre-Filing Injunction") . The Pre-Filing Injunctions states:

> Darlene Amrhein is prohibited from filing any new civil action in any United States district court unless she first files a motion requesting leave of court to do so and attaches thereto copies of (1) her proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, (3) this court's order accepting the findings, conclusions and recommendation of the United States Magistrate Judge, and (4) the judgment in this case.

*Amrhein v. Riechert*, No. 3:12-cv-3707, 2013 WL 1174571, at *1 (N.D. Tex. Mar. 21, 2013). The Pre-Filing Injunction was prompted by Plaintiff's "contumacious conduct" in that case and "[Plaintiff's] litigation history in the State of Texas . . . [including] at least 22 civil actions in various Collin County courts, two in Dallas County court, and four in Texas federal courts, as well

as numerous state appeals and bankruptcy cases." *Amrhein v. Riechert*, No. 3:12-cv-03707, 2013 WL 1155473, at *14 (N.D. Tex. Feb. 1, 2013), *R. & R. adopted*, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013). Other courts in this District have noted Plaintiff's particularly egregious history of filing frivolous cases and failure to comply with basic pleading and procedural requirements. *See, e.g.*, *Amrhein v. United States,* No. 4:16-cv-223, 2017 WL 3886761, at *3 (E.D. Tex. Sept. 6, 2017).

Pursuant to the Pre-Filing Injunction, on December 15, 2021, this Court entered the following Order:

> [I]f Plaintiff wishes to proceed in this action, Plaintiff must file a motion for leave to proceed with this civil action within ninety (90) days after the date of this Order. Such motion must be accompanied by the following documents, as required by the Pre-Filing Injunction: (1) a copy of Plaintiff's proposed complaint; (2) a copy of the Magistrate Judge's findings, conclusions, and recommendations entered in civil action no. 3:12-cv-3707 that resulted in the Pre-Filing Injunction; (3) a copy of the District Judge's order accepting the findings, conclusions, and recommendations of the Magistrate Judge; and (4) the final judgment entered in that case. *See Riechert*, 2013 WL 1174571, at *1.

Dkt. 72. On March 21, 2022, Plaintiff filed a motion for leave to file an amended complaint ("Motion for Leave") (Dkt. 76) and filed her proposed amended complaint (the "Proposed Amended Complaint") (Dkt. 77).

However, Plaintiff did not file the following: a copy of the Magistrate Judge's findings, conclusions, and recommendations entered in civil action no. 3:12-cv-3707 that resulted in the Pre-Filing Injunction; a copy of the District Judge's order accepting the findings, conclusions, and recommendations of the Magistrate Judge; and the final judgment entered in that case.

On December 14, 2021, the Court held the Status Conference, at which Plaintiff was present. *See* Dkt. 71. During the Status Conference, the Court recited the terms of the Pre-Filing Injunction. The Court noted Plaintiff had not complied with the terms of the Pre-Filing Injunction. The Court indicated it intended to keep the stay in place until Plaintiff complied with the terms of

the Pre-Filing Injunction. The Court informed Plaintiff that the complaints Plaintiff had filed up to that point did not properly state causes of action, did not properly state facts that supported the causes of action, did not properly state the basis for federal court jurisdiction, and did not properly identify which claims were being asserted against which defendants. On December 15, 2021, the Court issued an order staying the case until Plaintiff complied with the terms of the Pre-Filing Injunction. *See* Dkt. 72.

In addition to filing the Motion for Leave (Dkt. 76) and the Proposed Amended Complaint (Dkt. 77), since the Status Conference, Plaintiff has filed the following motions:

- Motion to Appoint Counsel (Dkt. 74);
- Motion for Extension of Time to File Plaintiff's Amended Complaint (Dkt. 75);
- Motion for Paper Exhibits Instead of CD Rom Per Local Rules or in the Alternative to Extend CD Rom to be filed within 7 days (Dkt. 79);
- Motion for Leave to File Supplement to Amended Complaint (Dkt. 80);
- Motion for Leave to of the Court for New Discovery of "Pleadings & Stated Claims" in This Above Lawsuit as Filed in the Interest of Justice (Dkt. 83); and
- Motion for Leave of the Court to File Plaintiffs' New Discovery & Relevant Joinder of Necessary & Indispensable Parties to Pleadings & Stated Claims in This Above Lawsuit in Interest of Justice & For Good Cause Reasons & Requested Expanded One Page (Dkt. 85).

On April 26, 2022, Defendants American Leak Detection-DFW, Inc., Universal Insurance Company, Arrowhead General Insurance Company, American Claims Management, Robert Carter, Geico General Insurance Company, and American Technology, Inc., filed a Joint Motion to Dismiss or Alternatively Motion for Status Conference (Dkt. 82).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or to comply with any court order. *See* FED. R. CIV. P. 41(b). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss sua sponte, with or without notice to the parties. This authority flows from the court's inherent power to control its

docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

### III.  ANALYSIS

The Northern District of Texas had the power to issue the Pre-Filing Injunction against Plaintiff. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) ("A district court may bar a vexatious litigant from filing future . . . complaints unless she seeks the prior approval of a district or magistrate judge." (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994))). Following failure to comply with the Pre-Filing Injunction, Plaintiff's case may be dismissed for failure to obey a court order. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) ("A district court may sua sponte dismiss an action for failure to prosecute or comply with any court order.").

After reviewing the Proposed Amended Complaint, the Court finds Plaintiff has not adequately remedied the issues the Court expressly identified and explained to Plaintiff during the Status Conference. The Proposed Amended Complaint does not properly state causes of action, does not properly state facts that support the causes of action, does not properly state the basis for federal court jurisdiction, and does not properly identify which claims are being asserted against which defendants.

Additionally, the Court finds Plaintiff has not complied with the other terms of the Pre-Filing Injunction, as she did not attach any of the following: a copy of the Magistrate Judge's findings, conclusions, and recommendations entered in civil action no. 3:12-cv-3707 that resulted in the Pre-Filing Injunction; a copy of the District Judge's order accepting the findings, conclusions, and recommendations of the Magistrate Judge; and, the final judgment entered in that case. Dismissal is appropriate for this non-compliance alone. *See Liu v. Wells Fargo Bank,* No.

4:19-cv-849, 2019 WL 7875056, at *2 (E.D. Tex. Dec. 12, 2019), *R. & R. adopted*, 2020 WL 7875056 (E.D. Tex. Jan. 29, 2020). Requiring strict compliance with the terms of the Pre-Filing Injunction is particularly appropriate here, given Plaintiff's litigation history. *See Amrhein*, 2013 WL 1155473, at *14.

Considering Plaintiff did not remedy her complaint in accordance with the Court's instructions and Plaintiff did not comply with the other terms of the Pre-Filing Injunction, the Court finds dismissal appropriate.

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that the entirety of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** in accordance with Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Pre-Filing Injunction.

Within fourteen (14) days after service of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 31st day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE