# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE C. BALISTRERI-AMRHEIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-224 |
| UNIVERSAL INSURANCE COMPANY | § | |
| OF NORTH AMERICA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

On January 12, 2023, the Court dismissed the present lawsuit, *Darlene C. Balistreri-Amrhein v. Universal Insurance Company of North America, et al.*, 4:21-CV-224 (E.D. Tex. Mar. 22, 2021). *See* Dkt. #97. On February 10, 2023, Plaintiff timely filed a notice of appeal (Dkt. #98). *See* FED. R. APP. P. 4(a)(1)(A). Related to that appeal and pending before this Court are Appellant's Motion to Proceed In Forma Pauperis (Dkt. #100); APPELLANTS' [sic] / Plaintiffs' [sic] Motion & Request for the "Complete Court Record To Be Transferred to the Court of Appeals Fifth Circuit for this February 10. [sic] 2023 Appeal For Case No. 19-41626 (Bankruptcy), Case No 19-04077- (Adversary Proceedings), 4:21-CV-00973 (District Appeal Court Records); & 4:21-cv-00224 Civil Proceedings Court Records) Including Fraud Injunctive Orders of Judges Fish & Toliver (Case No. 3:12-cv-03707 & all Other Court Records Held by Judge Amos Mazzant for civil actions against 26 Defendants" (Dkt. #101); and Plaintiff / Appellant's Motion for Transcription Order Form for Unknown Court Reporter for Hearing December 14, 2021 [sic] Required for Above Appeal No. 23-40097 (Dkt. #102).

### A.  Motion to Proceed In Forma Pauperis

A motion to proceed in forma pauperis must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."  28 U.S.C. § 1915(a).  A party who desires to proceed in forma pauperis on appeal "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  FED. R. APP. P. 24(a)(1).  Further, "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court—before or after the notice of appeal is filed— certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding."  FED. R. APP. P. 24(a)(3)(A).  "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)).

In the district court, Plaintiff proceeded in forma pauperis.  *See* Dkt. #4.  Here, Plaintiff includes an Affidavit in Support of her Motion.  *See* Dkt. #100 at 2–9.  This Affidavit adequately sets forth Plaintiff's inability to pay or give security for fees and costs.  *See id.*

The Court is mindful that pro se filings are construed liberally.  *See Whitley v. LeBlanc*, 853 F. App'x 953, 954 (5th Cir. 2021) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Nonetheless, the Court is unable to discern from the Affidavit a claim to an entitlement to redress or the issues Plaintiff intends to present on appeal.  *See* Dkt. #100 at 2–9.  Further, as stated in the Report and Recommendation (Dkt. #87) that, even after the Court's notice to Plaintiff

2

regarding the deficiencies of her complaint, Plaintiff's Proposed Amended Complaint (Dkt. #77) "[did] not properly state causes of action, [did] not properly state facts that support the causes of action, [did] not properly state the basis for federal court jurisdiction, and [did] not properly identify which claims are being asserted against which defendants." Dkt. #87 at 4.  For these reasons, as well as Plaintiff's noncompliance with a nationwide filing injunction against her, Plaintiff's lawsuit was dismissed.  *See* (Dkt. #87; Dkt. #97).  Accordingly, even though Plaintiff proceeded in forma pauperis in the district court, the Court finds and certifies that she does not have a "good faith" non-frivolous issue for appeal and thus should not be permitted to proceed in forma pauperis on appeal.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).  In making this certification that this appeal is not taken in "good faith," the Court incorporates its order dismissing Plaintiff's claims.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (noting that to comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing a plaintiff's claims).

Accordingly, the Motion to Proceed in Forma Pauperis (Dkt. #100) should be denied.

### B. Motion for Complete Record to be Transferred and Motion for Transcription Order

In the Motion for Complete Record to be Transferred (Dkt. #101), Plaintiff requests that the record from this case, as well as records from other cases, be "transferred" to the Fifth Circuit (Dkt. #101).

The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk.  Fed. R. App. P. 10(a).  Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A), whichever is later, the appellant must do either of the following:

3

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

> (i) the order must be in writing;

> (ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and

> (iii) the appellant must, within the same period, file a copy of the order with the district clerk; or

(B) file a certificate stating that no transcript will be ordered.

FED. R. APP. P. 10(b).  "An appellant filing a notice of appeal must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record. If there are multiple appeals from a judgment or order, the clerk must forward a single record."  FED. R. APP. P. 11(a).  After the appellant has fulfilled these responsibilities, the reporter has a duty to prepare and file a transcript and the district clerk has a duty to forward the record.  *See* FED. R. APP. P. 11(b).

As to the records from cases other than this case, Plaintiff does not articulate the basis of her requested relief (Dkt.#101).  Based on the nature of Plaintiff's claims in the district court, it appears Plaintiff believes the records of various other proceedings are relevant to her claims in this lawsuit regarding alleged wrongs committed against her by various judges in various proceedings. However, the "record" that the district court clerk forwards to the circuit clerk is composed of filings from the case to be appealed, i.e., not filings from other cases.  *See* FED. R. APP. P. 10(a). The Court is not aware of any authority in support of the proposition that a district court has an obligation to send to the Court of Appeals records from other proceedings that an appellant believes are related to the merits of the appealed proceeding.

Plaintiff's Motion for Transcription Order Form (Dkt. #102) relates to a hearing that took place in this case on December 14, 2021 (Dkt. # 71).  To the extent Plaintiff requests a transcript

at the Government's expense, such request will be denied.   To obtain a transcript at the Government's expense, Plaintiff must satisfy the criteria of § 753(f).   *See Jackson v. Livingston*, 540 F. App'x 403 (5th Cir. 2013) (per curiam) (citing 28 U.S.C. § 753(f); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)).   Section 753(f) provides, in part, that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question.   *See* 28 U.S.C. § 753(f).   As stated above, the Court determined that Plaintiff may not proceed in forma pauperis.   Accordingly, Plaintiff is not entitled to a transcript at the Government's expense.

Further, as has already been stated, it is Plaintiff's responsibility to order the transcript of a proceeding.   *See* FED. R. APP. P. 10(b).   Attached to the Motion for Transcription Order (Dkt. #102) is a Transcript Order Form completed by Plaintiff (Dkt. #102, Exhibit 1).   In the Transcription Order Form, Plaintiff checked the box indicating that the requested transcript should be paid with Government funds.   *See id.* at 2.   As Plaintiff is not entitled to obtain a transcript at the Government's expense, Plaintiff must make "satisfactory arrangements with the reporter for paying the cost of the transcript."   FED. R. APP. P. 10(b)(4).   For the steps necessary to request a transcript, the Court directs Plaintiff to http://www.txed.uscourts.gov/?q=requesting-transcripts.

## CONCLUSION

It is therefore **ORDERED** that Appellant's Motion to Proceed In Forma Pauperis (Dkt. #100); APPELLANTS' [sic] / Plaintiffs' [sic] Motion & Request for the "Complete Court Record To Be Transferred to the Court of Appeals Fifth Circuit for this February 10. [sic] 2023 Appeal For Case No. 19-41626 (Bankruptcy), Case No 19-04077- (Adversary Proceedings), 4:21-CV-00973 (District Appeal Court Records); & 4:21-cv-00224 Civil Proceedings Court Records)

Including Fraud Injunctive Orders of Judges Fish & Toliver (Case No. 3:12-cv-03707 & all Other

Court Records Held by Judge Amos Mazzant for civil actions against 26 Defendants" (Dkt. #101);

and Plaintiff / Appellant's Motion for Transcription Order Form for Unknown Court Reporter for

Hearing December 14, 2021 [sic] Required for Above Appeal No. 23-40097 (Dkt. #102).are

hereby **DENIED**.

**IT IS SO ORDERED.**

 **SIGNED this 4th day of August, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE